OPINION
{¶ 1} On August 24, 2002, Mansfield Police Officer Jason Bammann observed appellant, Marco Feagin, operating a motor vehicle. Officer Bammann was aware that appellant had been under several driving suspensions. Officer Bammann radioed dispatch and inquired of appellant's driving status. Prior to a response, appellant pulled into a parking lot. Officer Bammann stopped and asked appellant about his driving status. During this conversation, dispatch confirmed that appellant's driver's license was under suspension. Officer Bammann arrested appellant and placed him in the back of the cruiser. A subsequent inventory search of appellant's vehicle revealed a baggie of cocaine.
 {¶ 2} On October 9, 2002, the Richland County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11(C)(1)(a).
 {¶ 3} On October 1, 2004, appellant filed a motion to suppress, claiming an illegal stop.[1] A hearing was held on October 4, 2004. At the conclusion of the hearing, the trial court denied the motion.
 {¶ 4} A jury trial commenced on October 6, 2004. The jury found appellant guilty as charged. By sentencing entry filed October 8, 2004, the trial court sentenced appellant to eleven months in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS UNDER THE U.S. AND OHIO CONSTITUTIONS BY DENYING THE MOTION TO SUPPRESS EVIDENCE, AS BOTH THE STOP AND THE SUBSEQUENT SEARCH OF THE VEHICLE WHERE ILLEGAL."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 9} Appellant's motion to suppress alleged Officer Bammann lacked probable cause to stop him. Appellant now assigns as error the stop and subsequent inventory search of the vehicle. Based upon case law, we will limit our review to the issue of probable cause to stop. State v. Awan
(1986), 22 Ohio St.3d 120; State v. Childs (1968), 14 Ohio St.2d 56.
 {¶ 10} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 11} Officer Bammann recognized appellant while driving a vehicle. October 4, 2004 T. at 4-5. He was aware that appellant had been under several driving suspensions. Id. Officer Bammann made a U-turn to follow appellant and immediately radioed for a driver's license status on appellant. Id. at 5. Although Officer Bammann turned on his overhead lights to effectuate the U-turn, he did not continue their use and did not use them to stop appellant. Id. at 10, 17-18.
 {¶ 12} After Officer Bammann made the turn, appellant sped up and pulled into a parking lot and parked. Id. Appellant was seated in his vehicle when Officer Bammann pulled up. Id. at 12. All of this transpired prior to any response from dispatch regarding appellant's driver's license status. Id. at 17-18. Appellant exited the vehicle while Officer Bammann was radioing dispatch about the license inquiry. Id. at 19. It was at this time that Officer Bammann asked appellant about this driver's license status. Id. After confirmation from dispatch that appellant's driver's license was in fact suspended, appellant was arrested for driving under suspension.
 {¶ 13} The first issue is whether or not this was a stop or a consensual encounter. The evidence supports the conclusion that it was not a stop. Although Officer Bammann turned to follow appellant while waiting for information on his driver's license status, he did not effectuate a stop. Officer Bammann testified he was not going to stop appellant until he received the requested information from dispatch. Id. at 18. The brief encounter of appellant and Officer Bammann is not prohibited under Terry. If appellant had had a driver's license, the encounter would have ceased.
 {¶ 14} Even if Officer Bammann had stopped appellant's vehicle, there existed in his mind a reasonable suspicion that appellant did not possess a driver's license. Based upon Officer Bammann's prior arrests of appellant and his personal knowledge of appellant's suspensions, we find sufficient evidence of reasonable articulable facts.
 {¶ 15} As stated previously, because appellant's motion to suppress did not raise the issue of the inventory search, we will not address it.
 {¶ 16} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.
[1] The actual motion is file stamped September 31, 2004. The docket lists the filing as October 1, 2004.